FILED
09 FEB 24 PM 2:34
U.S. DISTRICT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CONNIE BROWN, | } |
| Plaintiff, | } |
| vs. | } CASE NO.: |
| RECEIVABLES PERFORMANCE MANAGEMENT, | } CV-09-CO-0370-W |
| Defendant. | } |

## COMPLAINT

COMES NOW the Plaintiff, Connie Brown, in the above-captioned action by and through the undersigned and hereby complains as follows:

*Parties*

1.  Plaintiff, Connie Brown ("Ms. Brown"), is an adult resident of the State of Alabama, living in Greene County, Alabama.

2.  Ms. Brown is a natural person.

3.  Defendant Receivable Performance Management ("RPM") is a Washington corporation engaged in the business of collecting debts in this state with its principal place of business located in Bothell, Washington.

4.  Upon information and belief, a principal purpose of Defendant RPM is the collection of debts.

5.  Defendant RPM regularly attempts to collect debts alleged to be due another.

6.  At all times relevant hereto, Defendant RPM conveyed information to Ms. Brown that she was obligated and/or allegedly obligated to pay a debt, regarding a debt and/or alleged debt.

7. At all times relevant hereto, Defendant RPM was regularly engaged for profit in the collection of debts allegedly owed by consumers and/or Defendant RPM regularly collected or attempted to collect debts, directly and/or indirectly, owed or due and/or asserted to be owed and/or due to another using the instrumentalities of interstate commerce and/or the United States mail.

## *Jurisdiction*

8. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331.

9. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA").

## COUNT I

10. Ms. Brown was injured as a proximate result of all of Defendant RPM's following conduct:

### *Black People Buy Phones*

11. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

12. At some time during the past year, during a phone call with Ms. Brown, a representative of Defendant RPM said to Ms. Brown, "Black people buy phones and know they are not going to pay. Why do you all keep getting them?"

13. This statement harassed and/or oppressed and/or abused Ms. Brown.

### *Incessant Phone Calls*

14. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress

and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

15. Representatives of Defendant RPM incessantly called Ms. Brown 3 to 11 times per day, every day, during the past year.

16. The incessant phone calls harassed and/or oppressed and/or abused Ms. Brown.

### *Threat of Lawsuit*

17. The FDCPA prohibits any action or the threat of any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692(e)(5).

18. At some time during the past year, during a phone call with Ms. Brown, a representative of Defendant RPM told Ms. Brown that Defendant RPM would sue within 15 days.

19. Defendant RPM did not, in fact, sue within 15 days.

20. Defendant RPM's threat of suit could not legally be taken and/or was not intended to be taken.

### *Fees Not Expressly Agreed Upon*

21. The FDCPA prohibits the collection of any amount (including any interest, fee, charge, and/or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement created the debt or permitted by law, 15 U.S.C. § 1692f.

22. Ms. Brown's agreement creating the debt at issue did not expressly state such an amount.

23. Defendant RPM attempted to collect an amount prohibited under 15 U.S.C. § 1692f.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant, separately and severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

(d) punitive damages;

(e) such other and further relief as may be just and proper.

***Plaintiff Demands a Jury Struck and Sworn***

Brandon L. Blankenship (BLA 116)
Blankenship Harrelson L.L.C.
2001 Park Place N Ste 825
Post Office Drawer 13067
Birmingham, AL 35203-2774
(205) 912-8248
Facsimile: (205) 912-8253
Email: brandon@bhwlegal.com

M11467